IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM E. BROWN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0358-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner William E. Brown, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1990, petitioner was released to parole after serving eight years of a 25-year sentence and a 15-year sentence for two different aggravated robberies. While on parole, petitioner was convicted of a federal firearms offense and sentenced to 77 months in prison. On February 7, 2003, while petitioner was in federal custody, the Texas Board of Pardons and Paroles revoked his state parole without a hearing.[1] Upon his release from federal custody in November 2005, petitioner was

---

[1] Section 508.281 of the Texas Government Code provides, in pertinent part:

> If a parole panel or designated agent of the board determines that a releasee or person granted a conditional pardon has been convicted of a felony offense committed while an administrative releasee and has been sentenced to a term of confinement in a penal institution, the determination is considered to be a sufficient hearing to revoke the parole or mandatory supervision or recommend to the governor revocation of a conditional pardon without further hearing, except that the

returned to TDCJ-ID to serve the remainder of his state sentences. At some point prior to his return to state custody, petitioner learned that he would not be given credit on his sentence for "street time" while out on parole. Petitioner challenged this decision through the prison dispute resolution process and in an application for state post-conviction relief. Both his request for administrative review and his state writ were denied. Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that he is entitled to credit on his sentence for the time spent on parole.

As part of his answer, respondent argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a written reply filed on June 6, 2007. The court now determines that this action should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, including the denial of sentence credits, the limitations period begins to run on "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Clark v. Quarterman*, No. 3-06-CV-1699-D, 2007 WL 959037 at *1 (N.D. Tex. Feb. 27, 2007) (Kaplan, J.), *rec. adopted*, 2007 WL 987007 (N.D. Tex. Mar. 29, 2007). This period is tolled while a properly filed motion for state post-

---

parole panel or designated agent shall conduct a hearing to consider mitigating circumstances if requested by the releasee or person granted a conditional pardon.

TEX. GOV'T CODE ANN. § 508.281(b) (Vernon 2004).

conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was paroled from TDCJ-ID custody on May 16, 1990. His parole certificate, dated June 20, 1990, advised petitioner that "in the event of revocation of this release on Parole, time spent on Parole will <u>not</u> be credited to my sentence." (Resp. Ans., Exh. A at 3) (emphasis in original). Therefore, petitioner either knew or should have been aware of the factual basis of his sentence credit claim when his parole was revoked on February 7, 2003. *See Clark*, 2007 WL 959037 at *1. Petitioner challenged the denial of "street time" credits in a request for administrative review filed under Tex. Gov't Code Ann. § 501.0081[2] and in an application for state post-conviction relief. His request for administrative review was filed on January 11, 2006 and denied on June 9, 2006. (*Id.*, Exh. B at 2, ¶ 3). The state writ was filed on July 31, 2006 and denied on January 24, 2007. *Ex*

---

[2] Section 501.0081 provides, in pertinent part:

> (a) The [TCDJ] shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
> (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>
> (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.
>
> (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge[.]

TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).

*parte Brown*, No. 66,651-01 (Tex. Crim. App. Jan. 24, 2007). Petitioner filed this action in federal court on February 20, 2007.

At the very latest, the AEDPA statute of limitations started to run on February 7, 2003--the date petitioner's parole was revoked. Yet petitioner waited nearly three years to raise his sentence credit claim in a request for administrative review or in a state writ of habeas corpus. In an attempt to excuse this delay, petitioner argues that he did not receive actual notice of the forfeiture of "street time" credits until July 27, 2005, when TDCJ officials completed a "Commitment Tracking Data Form." (*See* Pet. Reply at 4). However, as previously mentioned, petitioner should have been aware of the factual predicate of his sentence credit claim as early as June 1990. His parole certificate, which is signed by petitioner, advises that "in the event of revocation of this release on Parole, time spent on Parole will <u>not</u> be credited to my sentence." (Resp. Ans., Exh. A at 3) (emphasis in original). Petitioner all but ignores this clear admonition in his reply. Moreover, petitioner had access to the Texas Government Code, including the provisions governing the forfeiture of "street time" credits, while he was in federal custody. (*See* Pet. Reply at 3). Given the information available to petitioner, the court has little difficulty in concluding that he could have discovered the factual predicate of his sentence credit claim through the exercise of due diligence long before Texas parole officials completed a "Commitment Data Tracking Form" in July 2005.

Petitioner further argues that he did not have access to the required Time Dispute Resolution ("TDR") forms, or the assistance of persons trained in the administrative review process, while in federal custody. Nothing in the Texas sentence credit dispute resolution statute requires a prisoner to file a request for administrative review on a specific type of form. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). Even if there was such a requirement, petitioner fails to explain why he could not request the necessary forms from Texas prison officials. To the extent petitioner seeks

equitable tolling of the one-year limitations period due to his *pro se* status and ignorance of the law, these are not "rare and exceptional" circumstances warranting such relief. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of the law and *pro se* status held insufficient to toll statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (unfamiliarity with legal process and lack of representation do not merit equitable tolling). Without a sufficient basis for tolling the AEDPA statute of limitations, this case must be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 12, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE