IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM E. BROWN**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:07-CV-0358-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are the Findings, Conclusions and Recommendations of the United States Magistrate Judge, entered July 12, 2007. Petitioner timely filed objections to the findings and recommendation on July 24, 2007.

This is a habeas petition filed pursuant to 28 USC § 2254. Magistrate Judge Jeff Kaplan found that the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 and that Petitioner was not entitled to equitable tolling because he failed to demonstrate the required extraordinary circumstances and due diligence. Petitioner objects that his due process rights were violated because he was denied a hearing when the Texas Board of Pardons and Paroles revoked his state parole without a hearing. The court **overrules** this objection because the availability of a parole hearing in no way demonstrates that Petitioner is entitled to equitable tolling. Petitioner's other objections are **overruled** because they are substantive arguments related to his underlying habeas claims.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The

**Order – Page 1**

magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses with prejudice** the writ of habeas corpus as barred by the one-year limitations period.

**It is so ordered** this 27th day of September, 2007.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge